## Bentley *versus* Kauffman *et al.*

Where it is the manifest intent of a testator to sever the product from its source, a bequest of the income of an estate will not carry an absolute estate in the principal.

January 15th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county*: Of January Term 1877, No. 137.

Hannah Ann Kauffman died on the 19th of September 1873, leaving a will, as follows:

"Imprimis. It is my desire, immediately after my decease, that all my personal property shall be sold at public sale and my funeral expenses paid, and the balance of funds to be invested and placed to the credit of my son, Leon Kauffman, which shall be explained hereafter.

" One year after my decease I desire my executors to sell my real estate, situate in Wood street, north side, west of Second street, at public sale, to the highest bidder, for current funds, the proceeds to be invested in the best securities bearing interest, the interest of my estate to be paid to my son, Leon Kauffman, during his natural life, in half-yearly payments, for his sole benefit. If my son, Leon Kauffman, should die without issue, it is my desire that the whole amount of my investment be given to the Children's Orphan Asylum.

" As to all the rest, residue and remainder of my estate, real, personal or mixed, of whatsoever nature or kind, or wheresoever situate at the time of my decease, I do hereby give, devise, and bequeath the interest of my estate to my son, Leon Kauffman, during his natural life, to be paid to him half-yearly. If my son, Leon Kauffman, should die without issue, then the whole of the investment be given to the Children's Orphan Asylum of this city as a gratuity."

And, lastly, appoints the Pennsylvania Company for Insurance on Lives and Granting Annuities, executors.

David K. Bentley obtained a judgment against Leon Kauffman, and issued an attachment execution against funds held by the ex-

[Bentley *v.* Kauffman.]

ecutors: A case was stated for the opinion of the court, embodying the foregoing facts, and submitting the following question : Does Leon Kauffman take an absolute or only a life interest under the will of his mother? If the former, then judgment to be entered against the garnishees for the amount of the plaintiff's debt, to the extent of the assets in their hands ; if the latter, then judgment to be entered for plaintiff, to be paid out of the income accrued or thereafter to accrue.

The court held that Kauffman had only a life estate. It appearing subsequently that all the income which had accrued had been exhausted by a prior attachment, the court entered judgment for the garnishees, when the plaintiff took this writ.

*Isaac D. Yocum* and *Henry Wharton*, for plaintiff in error.— The very point in controversy may be rested upon the decision in Train *v.* Fisher, 15 S. & R. 145. Where there is a gift over on a mere general failure of issue, without qualifying words, there is no difference between real and personal estate : Gray *v.* Shawne, 1 Eden Ch. 153 ; Gray *v.* Montagu, 2 Eden 205 ; Jeffery *v.* Sprigg, Cox Ch. 62 ; Candy *v.* Campbell, 2 Cl. & Fin. 421 ; Crooke *v.* De Vandes, 9 Ves. 197; Diehl *v.* King, 6 S. & R. 31; Amelia Smith's Appeal, 11 Harris 7 ; Biddle's Appeal, 19 P. F. Smith 190 ; Hawkins on Wills *206. Wynch's Trusts, 5 DeG., M. & G. 188 ; 17 Jur. 588. Sheets's Estate, 2 P. F. Smith 257, and Keen's Appeal, 14 Id. 268, upon which the court below relied, were cases where there was an express gift to issue.

*John G. Johnson*, for defendant in error.—The cases cited by plaintiff in error are cases of a gift over after a bequest, not for life, but generally. The word " issue," *qua* personalty, is not now one of limitation, and its interpretation is· no longer affected by feudal rules, but is in accordance with the intent which is sought for, and then enforced : Sheets's Estate, 2 P. F. Smith 257 ; Hawkins on Wills 147 ; Greenway *v.* Greenway, 2 DeG., F. & J. 128 ; Herrick *v.* Franklin, Law Rep. 6 Eq. 593. We contend that there is an implied gift to the issue, which makes the bequest precisely as if it were to A. for life, and, upon his decease, to his issue, or, in case of his death without issue, over.

The intent of this will unmistakably was :—

Primarily, to give an estate to the son for life. Inferentially, on his death, leaving issue, to give the fee to the latter. Failing such issue, at his death, to give it to the Lincoln Institute.

Chief Justice Agnew delivered the opinion of the court, January 28th 1878.

Did Leon Kauffman take an estate for life or absolutely in the personalty bequeathed to him by his mother, Hannah Ann

[Bentley v. Kauffman.]

Kauffman ?   We think it was a bequest of the interest or income for life only.   That a bequest of income or profits will carry an absolute estate in the principal or *corpus* of the estate in some cases is well settled; but the ground of the conclusion in such instances is that no contrary intent of the testator appears to sever the product from its source, and the fruits, therefore, carry with them that which bears them.   In the interpretation of a will, however, in order to gather the testator's intention, the words *income* and *interest*, as contradistinguished from the *corpus* or principal, and the enjoyment for *life only*, have an important bearing:   Earp's Appeal, 25 P. F. Smith 119;   Ogden's Appeal, 20 Id. 501.   Hence, when the intent clearly appears to carry the *corpus* or principal over to others, the words of the will must be permitted to have their proper force. Here the bequest of the *interest* only for *life*, connected with the provision immediately following, is inconsistent with an intent to confer the principal absolutely upon him.   The provision is :  " If my son, Leon Kauffman, should die *without issue*, it is my desire that the *whole amount* of my *investment* be given to the Orphans' Asylum."   Thus we have the testatrix clearly distinguishing, by apt expressions, between the limited usufruct given to Leon, and the entirety of the investment to go to his children (for issue here clearly means children or grandchildren), or in their default, to a favorite charity.   To hold otherwise is simply to disappoint the manifest intent of the testatrix, in a case governed by no feudal reasons, or by a fixed rule of property.   While in regard to titles to real estate we have borrowed much from feudal rules, because of the permanency of such property, and the necessity of certainty in its title, we must remember that in a free state such rules are not to become unbending laws of property under an allodial system, so as to disappoint the intentions of testators, where the rule is unnecessary to a proper policy of the state.   Such is the undoubted current of Pennsylvania decisions, since the doctrine of trusts and dispositions by will have become pretty well settled on reasonable grounds.   Personal estate therefore stands on a foundation of testatorial intention which ought not now to be doubted or shaken.   The intention of the testatrix being clear to give only the usufruct of the investments to Leon for life, and the investments themselves to his children at his death, there is no rule which will permit the estate in Leon to be converted into an absolute right of property, carry it to his creditors and disappoint the expectations of the issue, if any, or the orphans' asylum if none.   The following cases may be consulted as the evidence of the current of decisions and the proper distribution to be taken in this state, instead of being thrown upon the laws and usages of another country, differing in the genius and spirit of its institutions, and the rules of property adopted to secure different rights of property :  Meyers's Appeal, 13 Wright 111 ;  Sheets's Estate, 2 P. F. Smith 257 ;

[Bentley *v.* Kauffman.]

Keene's Appeal, 14 Id. 268. When the testatorial intention is not clear, and when the words " without issue" would carry a fee-tail in realty, a different rule prevails and an absolute estate in *personalty* will be presumed. The following cases state this rule : Amelia Smith's Appeal, 11 Harris 7 ; Mengel's Appeal, 11 P. F. Smith 248 ; Ogden's Appeal, 20 Id. 501 ; Biddle's Appeal, 19 Id. 190.

Judgment affirmed.