## Dull's Estate.

*Will—Legacy—Gift of income—Gift of principal.*

Where the intent of a testator is to sever the product from its source and make a gift of the former only, a bequest of income will not carry the principal.

Testatrix directed as follows: "I give, devise and bequeath to my son, the interest on two thousand dollars, to be paid to him semi-annually, the principal to remain properly secured in the farm on which I now reside during his natural life, and at his death the principal shall be paid to his heirs." *Held,* that the bequest to the son was a bequest of the income of the fund for life only.

Argued Feb. 4, 1907. Appeal, No. 158, Jan. T., 1906, by William E. Fritz, from decree of O. C. Montgomery Co., Oct. T., 1903, No. 27, dismissing petition for an order to pay money in Estate of Sarah B. Dull, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Petition for an order to pay the principal of a legacy charged on land.

From the record it appeared that Sarah B. Dull by her will which was probated on November 17, 1885, directed, inter alia, as follows:

"Item.—I give, devise and bequeath to my son Ross B. Dull the interest on Two Thousand Dollars, to be paid to him semi-annually, the principal to remain properly secured in the farm on which I now reside during his natural life, and at his death the principal shall be paid to his heirs."

It appeared that in partition proceedings certain land of the decedent was awarded to William B. Dull, charged with the payment of the legacy of $2,000 above mentioned. It also appeared that by various assignments the interest of Ross B. Dull became invested in the petitioner, William E. Fritz. The petition averred that petitioner was entitled to the principal of the fund, since Ross B. Dull was dead. It appeared that Ross B. Dull left to survive him a widow and one son, Harry B. Dull; the latter claimed the ownership of the principal of the legacy on the ground that his father had an interest only in the income for life. The orphans' court adopted this view and dismissed the petition.

*Error assigned* was the decree of the court.

*Louis M. Childs*, for appellant, cited: Bacon's App., 57 Pa. 504; Dodson v. Ball, 60 Pa. 492; Williams's App., 83 Pa. 377; Sheets's Est., 52 Pa. 257.

*John Faber Miller*, with him *Samuel H. High*, for appellee, cited: Myers's App., 49 Pa. 111; Sheets's Est., 52 Pa. 257; Bentley v. Kauffman, 86 Pa. 99; Shissler's App., 148 Pa. 577; Bacon's Est., 202 Pa. 535.

PER CURIAM, April 1, 1907:

It may be conceded that a devise of realty in the words of this testatrix's will would create a fee. But this is under the rule in Shelly's case, which has become a rule of property, and operates without regard to the donor's intent, and generally to defeat it. But the cardinal rule which dominates all others

in the construction of wills is that the intent of the testator if not unlawful shall be carried out. The exception made by the rule in Shelly's case does not extend to bequests of personalty, and though the analogy may sometimes in default of better guide be followed, it is never allowed to defeat a plain intent. It may also be conceded that a gift of the income or profits of personalty, without more, will carry the absolute property of the donee. But this is never allowed where it appears by words of limitation or by gift over, or in other way, that the testator intended a less estate. In Eichelberger's Estate, 135 Pa. 160 (171), an unrestricted gift of a sum of money in the first clause of the bequest was held to be limited to the interest for life, by the words that followed directing the sum to be placed at interest and the interest paid annually to the legatee for life, and if he died leaving no heirs of his body then the sum bequeathed to go over to testator's other heirs. And in Ritter's Est., 148 Pa. 577, a bequest of the interest of a sum of money to be paid annually for life, with no trustee interposed, no investment directed and no specific limitation over was nevertheless held only a gift for life, because the intent of the testator was clear to give only that much. The principle at the base of all the decisions is expressed in Bentley v. Kauffman, 86 Pa. 99, that where the intent of the testator is to sever the product from its source and make a gift of the former only, a bequest of income will not carry the principal.

The present case is much stronger than Ritter's Estate, and comes exactly within Bentley v. Kauffman. The testatrix made no gift to her son of anything but the interest of the sum named, limited even that expressly to his life, directed that the principal should be charged on her farm during his life and that at his death it should be paid to his heirs. It is difficult to see how she could have made her intention plainer.

Decree affirmed.