## Erfurt's Estate

*Lipschultz & Lipschultz* and *John H. Gossling,* of *Moore, Gossling & Panfil,* for exceptants.

*Louis L. Tafel,* contra.

PER CURIAM, February 28, 1936.—The exceptions go to the learned auditing judge's interpretation of the will, wherein he limited the children of testator to equitable life estates and refused to terminate the trust.

In this ruling he was so clearly correct that little need be said, more than that the argument of counsel does not convince us of error.

This is the item of the will in question:

"I give, devise and bequeath all of my estate, real, personal and mixed, of whatsoever nature and wheresoever situate, of which I may die possessed, to the NORTHERN NATIONAL BANK, OF PHILADELPHIA, PENNSYLVANIA, IN TRUST, Nevertheless, the income from which is to be paid in regular semi-annual payments, in equal shares, to my son, John Erfurt, my daughter, Henrietta Schoen, my son, August Erfurt, Jr., and my daughter, Blanche Long, for and during their natural lives. Should, however, any of my said children die, or have predeceased me, then such share to which it may have been entitled shall be held in trust by the said Northern National Bank, of Philadelphia, Pennsylvania, and paid over to the lawful issue of said child or children as each shall have attained the age of twenty-one years."

This will, in so many words, limited the children to estates for their lives, and the rule which counsel invokes, that a gift of income is equivalent to a gift of principal, has no application whatsoever: see Dull's Estate, 217 Pa. 358, wherein many authorities are cited sustaining the view of the auditing judge; McKinstry's Estate, 296 Pa. 185, on which great stress is laid by

exceptants, is not in point on its facts and therefore has no relevancy.

All exceptions are dismissed and the adjudication is confirmed absolutely.