CHARICLEA TSIRIKOS, ET AL., APPELLANTS, v. W. D. HATTON, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF M. G. KANDA, DECEASED, RESPONDENTS.

No. 3331

July 29, 1941.                                   116 P.(2d) 189.

*I. A. Lougaris,* of Reno, *H. G. Metos,* of Salt Lake City, Utah, and *G. A. Ballard,* of. Reno, for Appellants.

*Lowell Daniels,* of Tonopah, for Respondent W. D. Hatton.

## OPINION

By the Court, DUCKER, C. J.:

M. G. Kanda, a resident of Nye County, Nevada, died on the 3d day of April 1939, seized and possessed of real and personal estate. He left a holographic will disposing of said estate, which was duly admitted to probate, and W. D. Hatton, one of the respondents, was appointed executor thereof. The will is dated September 12, 1938, and reads:

"To Whom it may concern I M. G. Kanda the undersigned have in my sefty Box. #142 in Tonopah Bank Banking acount Books Tonopah Mg. Co. Checks and nots. up to June 30, 1938 as showing sum of ove sixty thousand Dollars. if I die an Natural ~~Judg W. D. Hatton~~ Judge W. D. Hatton andminister my Estate. as Judge W. D. Hatton is one of the sinciest and honest man I know on that line. acording to my wish, arount 400.00 for my Funeral 1000.00 in cash to Jas. Currie and 1000.00 to A. R. Wardle of Tonopah Som Juwlery and 9. Pounds of Gold specements in the sefty Box $142 when sold and the Balance of this Estate of Mine Judge W. D. Hatton place this mony as a Trust Fonds for years to com, as he sees feet for. ~~K. my~~

"#2

"For my Brother and his chil-dren Name Guss G. Kandas 113 Karaiskow St- Piraus Greece no cash be giveing them. I want them drowing the interest, and som day I know thing will be appreceated. by haveit on Trust fonds. My patner B. ornelas on Tonopah Mg. Co-Retain the Lease with all of our Imptments. Mr. Oscar

Oram holding 300.00 in cash of mine mony and he should give me 100.00 at least. and his not for 200.00 the Tonopah Mg. Co- and the state in 19 day of Sept. 1937 over charged me for Bullion Tax over 300.00 Oscar Oram working on that case. and the loss of interest of 3 outsstanding checks since Sept -19th-1937 sum of 16726.63c as showing in sefty Box. have no ralative in u. s. a. some names in Utah

"#3

"like mine but no ralative of mine. nobudy be alowtid to enterfer on my Estate Judge W. D. Hatton only. I don't ow a peny to no man at no place. signed by my hand this day of 12th- Sept- 1938

"signed M. G. Kanda
"Tonopah Nev- u. s. a.

"Som incom to be paid to Govemunt for 1938 after the labor and expenditure is diducted to which B. Ornelas knows all aboutit.

"Tonopah, Nev- Sept- 13th

"I also have on 1938 checking acount in Tonopah over Eight thousand Dollars.

"signed M. G. Kanda."

The suit was brought by the two sisters of the above-named decedent and nine children of his deceased sisters and brothers, all of adult age, against said executor and Oscar Oram as attorney for the absent heirs of decedent, for the purpose of having the will construed and pursuant thereto declared invalid in respect to the trust appearing therein, and its probate in that respect revoked, and to have the property of the estate included in the trust descend to the heirs at law of decedent as it would have done if decedent had died intestate. Relief to the several parties for their expenses and counsel fees is also sought.

The complaint alleges, inter alia, that the "will in respect to the trust, attempted to set up therein in favor of the said Guss G. Kanda and his children, is illegal and void, as in the contemplation of the donor

decedent the said trust was to continue in indefinite duration and to exist in perpetuity and against the constitutional prohibition against perpetuities."

The trial court, sitting without a jury, rendered judgment that plaintiffs take nothing by their complaint, and denied their motion for a new trial.

The appeal is from the judgment and order.

Appellants contend that the will shows that the trust created therein is null and void, both on the grounds of uncertainty and of attempting to create a perpetuity.

■■ As often reiterated, the cardinal rule of interpretation of wills is to ascertain the intention. The court must give effect to the plain provision of a will unless they violate some rule of law or public policy. 69 C. J. pp. 43, 44. While the writer of the will showed some illiteracy, his intent as to who should be the recipients of his bounty is clearly expressed. The two special bequests are definitely stated. In addition the testator says:

"If I die an Natural Judge W. D. Hatton andminister my Estate as Judge W. D. Hatton is one of the sinciest and honest man I know on that line. * * * and the Balance of this Estate of Mine Judge W. D. Hatton place this money as a Trust Fonds for years to com, as he sees feet for.

"#2

"For my Brother and his chil-dren Name Guss G. Kandas, 113 Karaiskow St- Piraus Greece no cash be giveing them. I want them drowing the interest, and som day I know thing will be appreaceated by haveit on Trust Fonds. * * * have no relatives in u. s. a. some names in Utah

"#3

"like mine but no ralative of mine. nobudy be allowtid to enterfer on my Estate Judge W. D. Hatton only. * * *"

■ Aside from the special bequests, his brother named, and the children of the brother are to have his

estate. This is manifested by direct designation and by language clearly intended to restrict the disposition of the estate to them. There is, then, no need for judicial interpretation of the testator's intent in this respect. There is nothing uncertain about it.

Does the will run counter to the constitutional inhibition as to perpetuities? Const. art. XV, sec. 4.

Appellants contend that the estate involved in the trust failed on that account and the property vested in the heirs at law on the death of the decedent. They argue that it was the testator's design to separate the income from the fund and only the former, and therefore the corpus could not vest within the period permitted by the perpetuity rule.

■■ We are of the opinion that the rule against perpetuities is not applicable, for the reason that the fund and the income therefrom vested at once in the brother named in the will and his children. The general rule which we find applicable is, that a gift of the interest, income or produce of a fund without limit as to time and without other disposition of the corpus, will pass the fund itself, regardless of whether the bequest is direct to the beneficiaries or through a trustee. 69 C. J. 403, and cases cited in note 27. See, also, 1 Schouler on Wills (5th ed.), sec. 507; Page on Wills, sec. 491.

"There can be no doubt," said the court in Bishop v. M'Clelland's Ex'rs. (N. J.), 16 A. 1, "that a gift of the interest, income, or produce of a fund, without limitation as to time, will, according to a settled rule of construction, be held to pass the fund itself; and this will be the effect given to a gift made in this form, whether the gift be made directly to the legatee, or through the intervention of a trustee."

■ Appellants rely on In re Hartung's Estate, 39 Nev. 200, 155 P. 353, 159 P. 864, in support of their position. It is true that this court in that case held that the income only from the decedent's estate was

bequeathed to the applicant, but the intent to do so was clearly derivable from the will. The court recognized the general rule we have stated, and in all cases quoted from in the court's opinion there is a similar recognition. Of course the intention of the testator must govern, and the general rule last adverted to will always give way to that cardinal rule of interpretation. But such contrary intention must clearly appear. Bentley v. Kauffman, 86 Pa. 99, 101; 69 C. J. 403.

Can such intention be inferred from the will before us? The income is not limited as to time, and there is no other disposition of the corpus. The statement in the will, "no cash be giveing them" was merely to reiterate his desire that the property be kept in trust. And the statement "som day I know thing will be appreaceated. by haveit on Trust Fonds" indicated his thought that they would appreciate his way of handling the property, and the word "it" evidently referring to the property as a whole.

■ While we are satisfied that the general rule is applicable, we are at the same time giving effect to the rule that where the language employed in a will reasonably admits of a construction favorable to testacy, such construction should obtain. In re Wallace's Estate, 11 Cal. (2d) 338, 79 P.(2d) 1094.

■■ Other points made by appellants against validity of the will are without merit. There was no error in the refusal of the court to allow counsel fees out of the estate for appellant's attorneys. The statute on which they rely, chap. 16, Stats. 1937, page 30, does not confer authority on the court to allow counsel fees to a party in a proceeding like this. The part of the statute relied on reads: "Attorneys for absent or nonresident heirs shall receive compensation primarily out of the estate of the distributee so represented by him in such cases and to such extent as might be determined by the court."

■ This clearly refers to heirs entitled to a distributive share in the estate out of which counsel fees

could be allowed, and clothes the court with a broad discretion. If the court is otherwise vested with authority to direct the payment of counsel fees out of the estate of a decedent to an attorney for an heir, in a proceeding brought by such heir for the construction of the will, it must necessarily be of a largely discretionary character. This is not a case that would call for its exercise.

The judgment and order denying a new trial are affirmed.

ON PETITION FOR REHEARING

September 19, 1941.

*Per Curiam:*

Rehearing denied.