OLIVE M. HILL, EXECUTRIX OF THE ESTATE OF FREDERICK L. HILL AND SUCCESSOR TRUSTEE OF THE TRUST OF WILLIAM HILL, DECEASED, AND GRACE HILL, APPELLANT, *v.* NEVADA NATIONAL BANK, EXECUTOR OF THE ESTATE OF WILLIAM HILL, RESPONDENT.

No. 8316

January 23, 1976          545 P.2d 293

*Goldwater, Hill, Mortimer, Sourwine & Pinkerton,* of Reno, for Appellant and Cross-Respondent.

*Hale and Belford,* and *Steve Lane,* of Reno, for Respondent and Cross-Appellant.

## OPINION

By the Court, THOMPSON, J.:

Nevada National Bank, Executor of the Estate of William Hill, commenced this action to require the William and Grace Hill Trust to pay the federal estate tax assessed against the Estate of William Hill, and also to pay the expenses of William's last illness, funeral and burial. The district court ruled that the trust was obliged to pay the federal estate tax, but that the expenses of William's last illness, funeral and burial were to be paid by the probate estate. Each side has appealed from that portion of the judgment adverse to it.

In 1952 William Hill and his wife, Grace, created an inter vivos trust. In 1967 William Hill executed his Last Will which has been admitted to probate. Frederick L. Hill was the Trustee

of the William and Grace Hill Trust. Frederick died on July 8, 1974, and Olive M. Hill is the Executor of his estate and has succeeded him as Trustee of the William and Grace Hill Trust. Grace Hill survives.

This litigation concerns the meaning to be given certain provisions of the 1952 inter vivos trust, the 1967 Last Will of William Hill, and the effect, if any, of the intervening 1957 Federal Estate Tax Apportionment Law upon those two documents.

The 1952 trust which William and Grace Hill established provided that upon the death of the Trustors, the Trustee shall "(a) Pay the costs and expenses of the Trustors' last illness and of their funeral and burials unless other provisions shall have been made therefor. (b) Pay and discharge any and all of the Federal Estate Tax for which no other provision for payment has been made."

The 1967 Last Will of William Hill directed that "my funeral and administration expenses, and those of my debts which may be legally due and owing at the time of my death, be paid as soon after my death as may be practicable."[1] His Last Will did not mention payment of the federal estate tax nor contain any direction as to the apportionment or nonapportionment thereof.

In 1957 the Nevada Legislature enacted the Federal Estate Tax Apportionment Law. NRS 150.290–150.390, inclusive. Section 150.310 provides that the federal estate tax shall be equitably prorated over the "gross estate," that is, the entire taxable estate, unless the testator otherwise directs in his will or inter vivos instrument. Succeeding sections provide for the method of proration, for certain allowances and exemptions, that the taxes shall be paid by the executor or administrator, and that the executor or administrator may recover his portion of the taxes from the possessor of nonprobate property subject to the federal estate tax.

The Apportionment Law defines "gross estate" as "all property included for federal estate tax purposes in determining the federal estate tax pursuant to the federal estate tax law." And, a "person interested in the estate" is declared to be "any person who receives or is the beneficiary of any property transferred pursuant to a transfer which is subject to a tax imposed by any

---

[1]The last illness, funeral and burial expenses of William Hill were $5,548.64. The supplementary inventory filed in the William Hill Estate reflects the probate estate to have a value of approximately $256,000. That property, of course, is separate from the corpus of the 1952 Trust which William and Grace created.

federal estate tax law, now existing or hereafter enacted." NRS 150.300.

Before adoption of the Federal Estate Tax Apportionment Law in 1957, the federal estate tax was a charge solely upon the probate estate. The evident purpose of the Apportionment Law is to equitably prorate the payment of the federal estate tax among those persons interested in the estate subject to that tax. This is now the fundamental public policy of this state, subject only to the expressed will of the testator to the contrary.

It is within this context that we turn to resolve the issue presented by this appeal.

1. The question presented by the appeal is whether the Hill Trust established in 1952 is liable for all of the federal estate tax assessed against the estate of William Hill, or for only a prorated share thereof by reason of the 1957 Federal Estate Tax Apportionment Law.

As before noted, the trust instrument provided that upon the death of the trustors, "the Trustee shall pay and discharge any and all of the Federal Estate Tax for which no other provision for payment has been made." The Last Will of William Hill did not mention payment of the federal estate tax nor make provision for such payment.[2] Even though William Hill did not make "other provisions for payment" of the federal estate tax in his Last Will, it is the contention of the Trustee that the Federal Estate Tax Apportionment Law mandates an equitable proration of the tax liability among the persons interested in the probate and nonprobate estates. The resolution of this contention is dispositive of the appeal.

NRS 150.310 provides for equitable proration except where (1) a testator otherwise directs in his will, or (2) where by written instrument executed inter vivos direction is given for apportionment among the beneficiaries of taxes assessed upon the specific fund dealt with in such inter vivos instrument.[3]

---

[2]The Trustee of the Hill Trust originally contended that the Last Will provision for the payment of "debts which may be legally due and owing at the time of my death," was a "provision for payment" of the federal estate tax contemplated by the trust instrument. That contention has been abandoned. The Trustee concedes that the federal estate tax is not a "debt" of the deceasd. It is, instead, an excise imposed upon the transfer of or shifting in relationships to property at death. United States Trust Company v. Helvering, 307 U.S. 57 (1938).

[3]NRS 150.310: "Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator,

In the instant case, the Last Will of William Hill was silent with regard to the federal estate tax. Consequently, the first exception to equitable proration is not present. Neither does the inter vivos trust instrument provide for apportionment among the beneficiaries of taxes assessed upon the specific fund dealt with by the trust. Thus, the second statutory exception to equitable proration is not applicable.

Moreover, we note that the Apportionment Law declares that any direction as to apportionment or nonapportionment contained in a nontestamentary instrument is limited in its operation to property passing thereunder unless the instrument otherwise directs. NRS 150.320.[4] The nontestamentary instrument in the case at hand—the inter vivos trust—directed the Trustee to pay "any and all of the Federal Estate Tax." We do not read that direction to mean payment of the tax assessed against the probate and nonprobate estates since the words of the direction do not specifically so declare. By force of the statute we must conclude that the "direction" in the trust instrument applies only to trust property, with the consequence that the probate estate must pay its equitable share of the tax.

It is of no consequence that the trust was established five years before the Apportionment Law was passed. Indeed, NRS

---

trustee or other fiduciary has paid or may be required to pay an estate tax to the Federal Government under the provisions of any federal estate tax law, now existing or hereafter enacted, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax shall be equitably prorated among the persons interested in the estate, whether residents or nonresidents of this state, to whom such property was, is or may be transferred or to whom any benefit accrues, except:

1. Where a testator otherwise directs in his will.

2. Where by written instrument executed inter vivos direction is given for apportionment among the beneficiaries of taxes assessed upon the specific fund dealt with in such inter vivos instrument."

[4]NRS 150.320: "1. A testator, settlor, or possessor of any appropriate power of appointment may direct how the estate tax shall be apportioned or allocated or grant a discretionary power to another so to direct. Any such direction shall take precedence insofar as the direction provides for the payment of the estate tax or any part thereof from property the disposition of which can be controlled by the instrument containing the direction or delegating the power to another.

"2. Any direction as to apportionment or nonapportionment of the tax, whether contained in a will or in a nontestamentary instrument, shall be limited in its operation to the property passing thereunder unless such will or instrument otherwise directs."

150.390, by providing that the Apportionment Law shall not apply to estates of persons who died prior to March 25, 1957, necessarily requires application of that law to the estates of persons dying after that date. William Hill died after March 25, 1957. Moreover, case law elsewhere approves application of that law to a prior inter vivos trust. Wilmington Trust Co. v. Copeland, 94 A.2d 703 (Del. 1953); Merchants Nat. Bank v. Merchants Nat. Bank, 62 N.E.2d 831 (Mass. 1945); Security First Nat. Bank v. Wellslager, 198 P.2d 700 (Cal. 1948); In re Ryle's Estate, 10 N.Y.S.2d 597 (N.Y.Sur.Ct. 1939).

We reverse the judgment below imposing sole liability for the federal estate tax assessed against the Estate of William Hill upon the Hill Trust, and direct that such tax be equitably prorated in accordance with the Federal Estate Tax Apportionment Law.

2. The question presented by the cross-appeal is whether the Last Will of William Hill makes "other provisions" for the expenses of his last illness, funeral and burial so as to make Nevada National Bank, Executor of his estate, liable therefor, rather than the 1952 Hill Trust.

The trust instrument required the Trustee to pay such expenses "unless other provisions shall have been made therefor." The Last Will of William Hill directed that "my funeral and administration expenses" be paid. The district court ruled that the will contained "other provisions" and that such expenses were to be paid by the probate estate.

In challenging that ruling the Executor of the Estate appears to contend that since the language of the will did not expressly direct the Executor to pay such expenses, the obligation to do so remains with the Trust. We find no merit in that contention. It is the Executor's duty to carry out that direction. NRS 150.-230. We affirm the judgment below in this regard.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.