JOHN J. HUNTER, JR., EXECUTOR OF THE ESTATE OF VIOLA E. HUNTER, DECEASED, APPELLANT AND CROSS-RESPONDENT, *v.* DOROTHY HUNTER MANHAN, RESPONDENT AND CROSS-APPELLANT.

No. 9215

June 28, 1978                                           580 P.2d 474

*Woodburn, Wedge, Blakey, Folsom and Hug,* of Reno, for Appellant and Cross-Respondent.

*Wilson, Wilson and Barrows, Ltd.,* of Elko, for Respondent and Cross-Appellant.

## OPINION

By the Court, THOMPSON, J.:

The value of the interest of the beneficiary of a testamentary trust upon termination, and federal estate tax apportionment are the issues tendered by this appeal and cross-appeal.

The matter is before us on an agreed statement. NRAP 10(e). Viola Hunter died testate on July 6, 1964. Her son John (Jack) was appointed executor. Jack and Viola's daughter, Dorothy, were the only beneficiaries. Jack was given Viola's residence and automobile. The residue of the estate was divided between Jack and Dorothy. Jack was given 60 percent thereof in fee, and 40 percent as trustee of a testamentary spendthrift trust established for the benefit of Dorothy.

The trust was for a term of 10 years. Jack, as trustee, was to pay Dorothy $200 a month during that term. Upon termination of the trust Dorothy's interest was to be distributed to her absolutely. The court found the value of that interest to be $140,828.29. It did not deduct the monthly payments to Dorothy totalling $20,852.00.[1] Jack contends that Dorothy's interest

---

[1] Jack should have paid Dorothy $24,000 during the trust term. His debt for the difference is acknowledged and is not in issue.

should be reduced by that amount and that the district court erred in failing to do so. This is the issue tendered by Jack's appeal.

Dorothy's cross-appeal asserts that the court erred when it refused to increase the value of her interest by $3,471.00. It is her contention that the federal eatate tax should have been apportioned pursuant to NRS 150.310 so that the tax on a gift in contemplation of death made by Viola to Jack would be prorated among those interested in the estate, namely Jack and Dorothy.

1. The appeal.

Relevant provisions of the testamentary trust are quoted in the footnote.[2] Expenses attendant upon the trust estate were first to be paid from trust income, or principal if necessary, after which the trustee was to pay Dorothy the monthly sum designated. The source of such monthly payments was the trust. Those allowances had to be debited against some account. Since the source of the payments was the trust, and the sole beneficiary of the trust was Dorothy, the trust account should be debited and the value of Dorothy's interest accordingly reduced.

In concluding otherwise, the district court relied upon the language of paragraph F. that upon expiration of the trust "the interest of my said daughter, Dorothy Hunter Manhan, shall be distributed to her absolutely." For some reason, the word "absolutely" appears to have caused the court to decline to diminish Dorothy's interest by the monthly payments she had received from the trust. The language of paragraph F. does not concern the manner in which Dorothy's interest is to be valued.

---

[2] "D. From the gross income received or derived from the trust estate, or from the principal thereof if that be necessary, there shall be first paid and discharged all taxes and assessments and all costs, charges and expenses incurred in the care, administration, distribution and protection of the trust estate and its defense against any legal or equitable attack by any person both during and after probate administration of my estate, including reasonable compensation for the services of my trustee hereunder.

"E. After the payment and deduction of all expenses attendant upon the execution of the trust estate, my trustee shall pay to my daughter, DOROTHY HUNTER MANHAN, the sum of Two Hundred Dollars ($200.00) per month as long as my estate is indebted in an amount in excess of $50,000.00 for the period of ten (10) years from the date of my death. If the indebtedness of my said estate has been reduced to $50,000.00 or less, then I direct my son, John J. Hunter, Jr., as trustee, to pay to my daughter, Dorothy Hunter Manhan, the sum of Four Hundred Dollars ($400.00) per month.

"F. That upon the expiration of said trust ten years from the date of my death, the interest of my said daughter, DOROTHY HUNTER MANHAN, shall be distributed to her absolutely."

The word "absolutely" as used in that paragraph means only that upon termination of the trust Dorothy was to receive the trust corpus free of trust in sole ownership.

We reverse that part of the judgment below setting the value of the interest of Dorothy Manhan at $140,828.29, and direct that the judgment be amended to reduce that value by $20,852.00 representing the monthly payments received by Dorothy as beneficiary of the testamentary trust.

2. The cross-appeal.

NRS 150.290–150.390 inclusive is the Federal Estate Tax Apportionment Law. Section 150.310 provides that the federal estate tax shall be equitably prorated over the "gross estate," that is, the entire taxable estate, unless the testator otherwise directs in his will. "Gross estate" is defined as "all property included for federal estate tax purposes in determining the federal estate tax pursuant to the federal estate tax law." And, a "person interested in the estate" is declared to be "any person who receives or is the beneficiary of any property pursuant to a transfer which is subject to a tax imposed by any federal estate tax law, now existing or hereafter enacted." NRS 150.300.

Before adoption of the Apportionment Law the federal estate tax was a charge solely upon the probate estate. The evident purpose of the Apportionment Law is equitably to prorate the payment of the federal estate tax among those persons interested in the estate subject to that tax. This is the public policy of Nevada subject only to the expressed will of the testator to the contrary. Hill v. Nevada National Bank, 92 Nev. 32, 545 P.2d 293 (1976).

The district court read Viola's will to provide that the federal estate tax not be apportioned. The relevant clause of her will: "I hereby direct that all taxes, whether real or personal, imposed upon my estate, including all inheritance or transfer taxes imposed by the laws of any state or by the United States upon any devise or legacy made by me hereunder, shall be paid out of my estate by my executors hereinafter named, before any division of my estate or distribution thereof shall be made."

Viola made a gift to Jack in contemplation of death. If the tax thereon is prorated pursuant to statute, Dorothy's interest will be increased by $3,471.00. Such proration must occur unless the quoted clause of the will is an express direction not to prorate.

The district court read that clause as an express direction not to prorate. It appears to have relied upon the phrase "including all inheritance or transfer taxes imposed . . . upon any devise or legacy made by me hereunder. . . ." Since the gift to Jack was

not a "device or legacy made by me hereunder" the court concluded that tax apportionment was precluded.

In our view, the district court erred in its interpretation of the clause. The phrase relied upon is not limiting in effect. The phrase begins with the words "including all," and imposes no limitation on the inclusion of other types of estate taxes.

The clause does not prohibit proration. We read the clause to mean "all taxes . . . imposed on my estate . . . shall be paid out of my estate." The definition of "estate" includes the inter-vivos transfer to Jack, and the apportionment law directs proration of the tax. We, therefore, reverse the district court's ruling on this issue.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOU-KIAN, JJ., concur.