**In the Matter of the ESTATE OF Marshall E. HUFFAKER, Deceased.**

**No. 17482.**

Supreme Court of Utah.

Jan. 18, 1982.

Daniel W. Anderson, Salt Lake City, for appellant.

William J. Cayias, Salt Lake City, for respondent.

OAKS, Justice:

This is a contest between two fiduciaries over apportionment of death taxes. First Security Bank is the executor of the decedent's estate, inventoried at $36,365. Continental Bank is the trustee of two revocable inter vivos trusts established by the decedent-trustor. Federal estate and state inheritance taxes on the taxable estate, including the decedent's estate and the revocable trusts, totalled $110,582. By this petition, the executor seeks to determine how these taxes should be apportioned between the estate and the trusts. The district court ordered the trustee of the revocable

2. Utah, 560 P.2d 337 (1977).

trusts to pay 62.95%, this being the proportion that the value of the trust assets subject to tax bore to the total value of all assets subject to tax, as prescribed by our tax apportionment statute, U.C.A., 1953, § 75–3–916(2), which is practically identical to the Uniform Probate Code and to the predecessor Uniform Estate Tax Apportionment Act.

The trustee appeals, urging that the statutory rule of apportionment should not be applied in this case because the decedent-trustor had directed to the contrary, as the statute specifically allowed him to do.[1] That contention frames the sole issue on this appeal.[2]

█ The trustee refers to nine provisions of the trust agreements, such as prohibitions on alienation and directions for minimum monthly payments to the trustor's widow, as evidencing the trustor's intent that his estate taxes not be apportioned. All are inferential at best, and even in cumulative effect do not override the following specific provision from Paragraph I.C. of the first trust agreement:

> Upon the death of [the Trustor], the Trustee shall thereafter pay ... any debts of the Trustor and any inheritance or estate taxes that may be assessed against the estate of the Trustor to the extent that other provisions shall not have been made for the payment of such expenses, debts or taxes.

This provision at least precludes the inference that the terms of the trust instruments had some "other provisions" to the effect that the trust assets should not share in the apportionment of taxes. In fact, Paragraph II.F. of the second trust agreement shows that the trustor specifically directed the payment of some death taxes from trust assets: "Any taxes due on the property in this Trust as a result of the death of the Trustor, shall be paid from Trust I as provided in Article I, paragraph C of said Trust I" (quoted above).

The trustee refers to various provisions of the decedent's will that are said to indicate an intention that death taxes be paid from the estate rather than be apportioned. These provisions assure payments to the surviving spouse, guarantee her occupancy of the home, and otherwise simply constitute routine administrative directions on subjects other than the apportionment of taxes. Thus, section Fourth directs "that all of my just debts and funeral expenses shall be paid as soon as practicable after my demise," but it contains no direction on which funds should be used for payment.

█ We concur in what is apparently the general rule, that there is a strong policy in favor of the equitable allocation of the tax burden provided in the statute prescribing apportionment, and that a direction to the contrary in a will or other dispositive instrument must be expressed in terms that are specific, clear, and not susceptible of reasonable contrary interpretation. *Estate of Armstrong*, 56 Cal.2d 796, 366 P.2d 490, 17 Cal.Rptr. 138 (1961); *Estate of Carley*, 90 Cal.App.3d 582, 153 Cal.Rptr. 528 (1979); *New York Trust Co. v. Doubleday*, 144 Conn. 134, 128 A.2d 192 (1956); *Hunter v. Manhan*, 94 Nev. 380, 580 P.2d 474 (1978); *Estate of Erieg*, 439 Pa. 550, 267 A.2d 841 (1970); *Estate of Hilliar*, Wyo., 498 P.2d 1237 (1972); Annot., 71 A.L.R.3d 247 (1976).

We agree with the district court that no such direction appears in the trust instruments or will in this case. The decree prescribing apportionment is therefore affirmed. Costs to respondent.

HALL, C. J., STEWART and HOWE, JJ., and CHRISTINE DURHAM, District Judge, concur.

---

1. If the decedent's will or other dispositive instrument directs a method of apportionment of tax different from the method described in this code, the method described in the will or other dispositive instrument controls.

   U.C.A., 1953, § 75–3–916(2).

2. The trustee's separate contention that the district court erred in not striking the executor's long-overdue reply brief is probably moot and certainly harmless at this point in the controversy.