DUBRAVKO ZIROVCIC, as Vice Counsul of the Socialist Federal Republic of Yugoslavia in Behalf of the People of the Town of Cerovljani, County of Kostanjnica, Province of Banija, Yugoslavia, Appellants, v. NIKOLA KORDIC, Executor of the Estate of PETER N. STOYNICH, aka PETER N. STOJNIC, Respondent.

No. 16203

December 11, 1985 709 P.2d 1022

*Gladstone & Stark, Frank Sorrentino,* for Appellants.

---

*Dickerson, Miles, Pico & Mitchell, Eleissa Lavelle,* for
Respondent.

## OPINION

*Per Curiam:*

This appeal involves the construction of the last will and
testament of Peter N. Stoynich. The executor of the will
(respondent in this appeal), Nikola Kordic, filed a petition in the
district court on behalf of the decedent's heirs and legatees for
construction of the will so as to permit immediate distribution to
five legatees named in the will. Appellant Dubravko Zirovcic,
vice counsul of the Socialist Federal Republic of Yugoslavia filed
an opposition to the petition. Zirovcic is designated as a benefi-
ciary in the will.

The district court considered the will and concluded the dece-
dent intended his entire estate to be distributed immediately to his
five legatees upon his death. Zirovcic appeals from that decision.

In considering the will, it is the long-accepted position of this
court that the "primary aim in construing the terms of a testa-
mentary document must be to give effect, to the extent consistent
with law and policy, to the intentions of the testator." Concannon
v. Winship, 94 Nev. 432, 434, 581 P.2d 11, 13 (1978).

Our review of the will reveals that Stoynich's clear intention
was to create a trust, have the trust assets held, invested, and
preserved for a period of years or until a certain event occurred,
at which time distribution was to be made in one of two ways,
depending on whether the term of years or the event occurred
first. The question before the court is not what the testator
actually intended or what he meant to write. "Rather it is con-
fined to a determination of the meaning of the words used by [the

testator]." Sharp v. First Nat. Bk., 75 Nev. 355, 360, 343 P.2d 572, 574 (1959) (quoting Jones v. First Nat. Bank, 72 Nev. 121, 296 P.2d 295 (1956)).

In the present case, the district court construed the provisions of the will the way the court believed the testator intended, and not in accord with the meaning of the words used.

Accordingly, the judgment is reversed and the case remanded to the district court with instructions to enter judgment consistent with this opinion.