**In re ESTATE OF Joseph KAPALA, Deceased.**

**No. C3–86–1544.**

Court of Appeals of Minnesota.

March 10, 1987.

Review Denied May 18, 1987.

Steve A. Brand, St. Paul, William G. Clelland, Minneapolis, for appellant Glodek.

R. Gordon Nesvig, Minneapolis, for respondent deceased.

Heard, considered and decided by FORSBERG, P.J., SEDGWICK and HUSPENI, JJ.

## OPINION

SEDGWICK, Judge.

Thomas Glodek appeals the probate court's decision apportioning taxes on proceeds of a life insurance policy and interest the estate owed because of delay in paying estate taxes. We affirm.

## FACTS

Kapala and Glodek operated a funeral services business and had real estate holdings. In 1973 the two men entered into a stock purchase and redemption agreement intended to retain management under one partner's control in the event of death or one party's desire to "sell out." In event of death, "all of the shares * * * shall be purchased by the Company and/or the surviving shareholder." The first right of purchase rested with the company, but any shares not bought by the company at the designated price were required to be taken by the shareholder. The arrangement was to guarantee both stable management and proceeds for a deceased partner's estate.

Kapala and Glodek entered into a 1977 amended and restated partnership agreement. Part III of the agreement, "TERMINATION OF THE PARTNERSHIP OR INTERESTS OF A PARTNER," provided the purchase of a deceased partner's interest would make the survivor the sole owner of the partnership's assets "free and clear of all claims of every kind."

Kapala died in February, 1982. His one-page will left everything to his wife and children; it contained no provision for the apportionment of taxes. Glodek received insurance proceeds of $188,517 upon his partner's death. The partners maintained policies on themselves, naming the other partner as beneficiary to fund the buy-out arrangement. When Glodek attempted to buy Kapala's shares, a dispute over the purchase price arose. Glodek filed suit to compel the sale. The trial court ordered sale at the price of $500,202. The trial court also awarded prejudgment interest.

This court reversed the award of prejudgment interest in *Glodek v. Rowinski*, 390 N.W.2d 477 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Sept. 24, 1986).

The trial court erroneously awarded respondents prejudgment interest. Respondents had attempted to avoid the sale of decedent's partnership property and cannot now claim that payment of the debt was withheld.

*Id.* at 482.

The personal representative of the estate later filed for apportionment of the federal and state taxes since the insurance proceeds payable to Glodek were technically part of the estate for tax purposes, even though they were not controlled by the estate. The probate court apportioned taxes to Glodek. Glodek's share was calculated at $41,755.83 and $5,902.81 in federal

and state taxes respectively. The court also ruled Glodek should pay a portion of the interest due to delay in payment of the taxes since he was responsible for the delayed payment.

### ISSUES

1. Did the trial court err in apportioning estate taxes to decedent's business partner, an insurance policy beneficiary?

2. Did the trial court err by apportioning interest for late payment of taxes to appellant?

### ANALYSIS

■ No transcript has been provided in this appeal; the evidence consists of two written agreements. This court may review such documentary evidence *de novo*.

Where * * * the critical evidence is documentary, there is no necessity to defer to the trial court's assessment of the meaning and credibility of that evidence.

*In re Trust Known as Great Northern Iron Ore Properties*, 308 Minn. 221, 225, 243 N.W.2d 302, 305 (1976), *cert. denied*, 429 U.S. 1001, 97 S.Ct. 530, 50 L.Ed.2d 612 (1976).

■ Estate taxes implicate the laws and policies of both the federal and state governments.

Unless the decedent directs otherwise in his will, if any part of the gross estate on which tax has been paid consists of proceeds of policies of insurance on the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the taxable estate.

26 U.S.C.A. § 2206 (1979). The tax represents not an inheritance tax, but a transfer tax on the decedent's estate. *In re Estate of Shapiro*, 380 N.W.2d 796, 798 (Minn. 1986).

The applicable Minnesota provision on the apportionment of estate taxes is Minn. Stat. § 524.3–916.

(b) Unless the will or other written instrument otherwise provides, the tax shall be apportioned among all persons interested in the estate. The apportionment is to be made in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate. The values used in determining the tax are to be used for that purpose. If the decedent's will or other written instrument directs a method of apportionment of tax different from the method described in this code, the method described in the will or other written instrument controls.

Minn.Stat. § 524.3–916(b) (1982).

The statutes do not conflict. In *Riggs v. Del Drago*, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106 (1942), the Supreme Court considered the relationship of the federal estate tax to the New York apportionment statute.

We are of the opinion that Congress intended that the federal estate tax should be paid out of the estate as a whole and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax * * *.

*Id.* at 97–98, 63 S.Ct. at 110.

26 U.S.C. § 2206 intervenes in the estate tax area for equitable reasons. Insurance proceeds from a decedent's policy are included within the estate even though the proceeds pass to a beneficiary free of the estate's control. Without § 2206, the estate would bear the cost even though the estate never actually possessed or distributed the policy proceeds.

Because life insurance proceeds do not usually pass through the hands of the personal representative, even though the value of such proceeds may be includable in the taxable estate, a means was provided by Congress for the personal representative to obtain ratable contribution from beneficiaries of life insurance policies under appropriate circumstances. 26 U.S.C.A. § 2206 * * * gives the per-

sonal representative of an estate the right to recover from beneficiaries the proportionate share of tax imposed on the estate where the proceeds were included in the estate by reason of retention of incidents of ownership in the policy by its purchaser.

*First National Bank v. Dixon,* 38 N.C. App. 430, 248 S.E.2d 416, 418–19 (Ct.App. 1978) (finding that insurance proceeds were subject to a ratable share of federal and state estate taxes).

■ The insurance proceeds are properly considered a taxable portion of the decedent's estate subject to apportionment of the tax burden. However, the beneficiary (and the proceeds) may not be subjected to apportionment if "the will or other written instrument otherwise provides." Minn. Stat. § 524.3–916(b).

■ The question is whether the partnership agreement is an "other written instrument" within the meaning of Minn.Stat. § 524.3–916. The partnership agreement states:

It is specifically understood and agreed in the case of a deceased partner, upon the receipt by his legal successor in interest of the purchase price provided for above, the surviving partners shall become the sole owners of all the assets of the Partnership *free and clear of all claims of every kind* by such deceased partner, his heirs, executors, administrators, beneficiaries or assigns.

(Emphasis added.)

Glodek argues this provision qualifies as an "other written instrument" under the statute. We disagree.

If the partners' intended that the insurance policies fund the stock purchases, they did not state it in the agreements. There is no obvious connection between the $188,000 in insurance proceeds and the stock purchase price of $500,000.

■ We believe the statute requires an apportionment directive be contained in a writing with testamentary intent. The stock purchase and redemption agreements control the transfer of corporate stock;

they do not refer to the disposition of the deceased partner's estate.

If appellant's argument is accepted, the effect * * * would be to increase appellant's insurance benefits and shift the ultimate burden of the tax * * * to recipients of the testator's testamentary dispositions. We should not so rule unless it is clear the testator has so *directed.*

*Priedeman v. Jamison,* 356 Mo. 627, 202 S.W.2d 900, 903–04 (1947) (emphasis in original).

Apportionment decisions from other jurisdictions require direct language to escape the statute.

We concur in what is apparently the general rule, that there is a strong policy in favor of the equitable allocation of the tax burden provided in the statute prescribing apportionment, and that a direction to the contrary in a will or other dispositive instrument must be expressed in terms that are specific, clear, and not susceptible of reasonable contrary interpretation.

*In re Estate of Huffaker,* 641 P.2d 120, 121 (Utah 1982); *see also In re Estate of Hilliar,* 498 P.2d 1237, 1239 (Wyo.1972) ("a directive against apportionment should be expressed in clear and unambiguous language").

The trial court properly extended apportionment of the tax burden to the insurance proceeds.

Appellant was required to pay his share of the interest levied on the estate for its failure to make federal and state tax payments on time. The trial court believed that Glodek was responsible for the delay and should bear his portion of the interest. Appellant alleges the probate court's finding that he was responsible for the delay in settling the estate is contrary to this court's decision in *Glodek,* which placed responsibility for delay on the estate.

Minn.Stat. § 524.3–916(c)(2) (1982) provides:

If the court finds that it is inequitable to apportion interest and penalties in the

manner provided in subsection (b), because of special circumstances, it may direct apportionment thereof in the manner it finds equitable.

Although the trial court seemingly was influenced by fault in equitably dividing the interest between the parties, we believe the apportionment of the interest was proper and justified by Minn.Stat. § 524.3–916(b), (c)(2). Appellant had use of the insurance proceeds for over four years while the parties litigated their respective concerns. The trial court's decision can be justified solely on equitable grounds aside from any consideration of blameworthiness.

We have considered appellant's alternative argument based on breach of contract and find it lacking in merit.

### DECISION

The trial court was correct in extending the apportionment of the estate tax burden to the insurance proceeds since the stock redemption and partnership agreements were written instruments lacking testamentary intent. The trial court's apportionment of interest due to late payment of taxes to the beneficiary of decedent's life insurance was proper under Minn.Stat. § 524.3–916.

Affirmed.