*In re* GREENMAN'S ESTATE.

VAN DEUSEN *v.* EASLING.

1. WILLS—SUBSEQUENT TRANSFER OF PROPERTY TO CERTAIN LEGATEES.
   Fact that a week after execution of will testatrix deeded property valued at $10,000 to nephew and gave her brother $10,000 worth of bonds and placed $18,000 of her funds in a joint account with him and died of a malignant disease 2 months later in no way affected the validity of will leaving 77% of her property to such nephew and brother and his wife.

2. SAME—SURPLUSAGE—LETTER REFERRED TO IN WILL—EXECUTION OF CODICIL.
   Letter, written by testatrix the day following execution of her will, and referred to in the will as a letter of instruction disposing of certain specific bequests of certain personal property to specified individuals, which she proposed to place in an envelope to be filed with, and treated as a part of, her will, which was not executed as a codicil to the will, must be treated as surplusage, where the will was complete without such a clause of reference.

REFERENCES FOR POINTS IN HEADNOTES

[2, 3] 57 Am Jur, Wills § 233 *et seq.*
[2, 3] Incorporation of extrinsic writings in will by reference. 144 ALR 714; 173 ALR 568.
Incorporation in will of extrinsic document not in existence at. date of will. 3 ALR2d 682.
*Inter vivos* instrument as part of will. 45 ALR 843.

3. SAME—COMPLETENESS—CLAUSE AND LETTER AS SURPLUSAGE.
   Will which was complete without clause therein referring to
   letter that testatrix was to write at some time in the future,
   which would contain a partial distribution of her estate and
   which she would and did file with the will, was properly ordered
   to probate, where the letter was filed with, but not executed
   as a codicil to, the will.

Appeal from Emmet; Culehan (Miles N.), J., presiding. Submitted January 16, 1952. (Docket No. 62, Calendar No. 45,348.) Decided March 6, 1952.

In the matter of the estate of Mina Greenman, deceased. Robert E. Van Deusen filed objections to allowance of will. On trial in circuit court, judgment for proponent. Contestant appeals. Affirmed.

*Pailthorp & Ance* and *Harry E. Warning,* for contestant.

*John S. Clark* and *Edward C. McCobb,* for proponent.

BUTZEL, J. On August 31, 1948, decedent, Mina Greenman, went to the office of attorney Albert T. Washburne in Petoskey, Michigan. She was accompanied by her brother, his wife, and also a broker who was in the real estate and insurance business. They left after she was introduced to the attorney, and she alone consulted with the attorney in his private office in regard to a will. She informed him about her relatives but stated that for personal reasons she did not care to make any provisions for some of them. She gave him the names of those which were inserted in the will and discussed her property in a general way. She stated that she had property in Roaring Brook and on the Harbor Springs road and other lots in Grand Traverse county, and a substantial amount of stocks, bonds

and securities, as well as a bank account. The testimony indicates that decedent had valuable securities and moneys and in addition thereto had Lennox china, cut glass ware, and possibly some oriental rugs and jewelry, et cetera, but the record does not indicate the quantity or value.

After a consultation of at least a half hour or more, the attorney called in his stenographer and dictated the will. Decedent wanted her brother Newton P. Easling of Pekin, Illinois, to be her executor, but when told that because he was a nonresident of the State of Michigan and therefore could not qualify in Michigan,* she designated his son Newton Paul Easling of Detroit, Michigan, defendant herein, as executor. She wanted all the beneficiaries to participate in her estate on a percentage basis and gave their names and addresses and the respective percentages each was to receive. The attorney testified that she also spoke of "a lot of little trinkets and family heirlooms and matters that were personal, not necessarily of any great value, but had a sentimental value, that she wanted to make disposition of, and apparently from what she told me they were numerous. We hadn't come to any decision on that when I made out my original note, so when we got down to this part in actually drafting the will, this is the way we disposed of it. She decided she would rather have a little more time to make it in detail, and that's the reason it was constructed in that way. * * * She had definitely disposed of everything else in her discussion with me. There had been a division of her estate and that was complete, but as to those items she was undecided," and she wanted to make provisions in regard to such personal property of minor value. Clause 3 was inserted in the will:

---

* See CL 1948, § 704.27 (Stat Ann 1951 Cum Supp § 27.3178 [278]).
—Reporter.

"At or about the time of executing this will, I am writing in my own handwriting, a letter of instruction which will dispose of certain specific bequests of certain personal property to specified individuals. I propose to place this letter in an envelope and file the envelope with the will, wherever the same may be in my possession or in my safety deposit box, and the instructions in said letter aforesaid shall be construed and treated as a part of the terms and provisions of my will."

The will is very brief. Clause 1 directs payment of taxes of all kinds and debts. Clause 2 nominated the executor with full power of sale. Clause 4 designates the proportion the various heirs are to take. Seventy-seven per cent. of the estate is left in varying properties to her brother Newton P. Easling and his wife, and his son Newton Paul Easling of Detroit. Robert E. Van Deusen, contestant and appellant herein and a nephew of decedent, is mentioned in the will only as being father of 3 children each of whom is to receive 1% of the estate. After the will was dictated and transcribed, it was read by the attorney and also by the testatrix who duly executed it. The following day she signed a letter as follows:

"Harbor Springs, Mich.
September 1, 1948

"All of my personal property, including household effects, clothing, furniture, automobile etc. are to go to my brother Newton P. Easling, Pekin, Illinois, or his wife Martha C. Easling, same address, for disposition as either may see fit.

Mina E. Greenman"

The attorney had also given her written instructions in regard to the letter to be written in order to carry out paragraph 3 of the will. This apparently was filed with the will when the will was offered for probate.

A week later decedent deeded property of the value of $10,000 to her nephew Newton Paul Easling, and some time later she gave her brother Newton P. Easling $10,000 worth of bonds and also placed $18,000 of her funds in a joint account with him. Decedent died of a malignant disease on November 7, 1948, only a few months after the will had been executed. This in no way affects the validity of the. will.

Robert E. Van Deusen, in contesting the probating of the will alleged fraud, undue influence, lack of mental competency, and the further claim that the will and accompanying letter were not executed as required by law. The probate judge disallowed the will in its entirety solely because of the last words in paragraph 3 stating that the instructions in the letter should be construed and treated as a part of the terms and provisions of the will. He quotes from 1 Page on Wills (2d ed), § 47, p 85, where it is stated that:

"If the testator does not intend the instrument in question to take effect as his will, but intends it to take effect only when additional formalities are completed, it will not be given effect."

That is not the case here except possibly as to clause 3. He also attempted to distinguish *In re Estate of Reynolds,* 273 Mich 71. We believe, however, that this latter case is so similar to the present one that it is controlling. We hold that the will was complete without a clause somewhat similar to paragraph 3. The letter provided for in paragraph 3 was never legally executed as a codicil to the will, and just as *In re Estate of Reynolds, supra,* it must be treated as surplusage.

In the circuit court the trial judge in a brief but complete opinion, and basing his decision on *In re Estate of Reynolds, supra,* and *In re Shattuck's Es-*

*tate,* 324 Mich 568, held that the will is fair upon its face, should be probated in accordance with the terms thereof, and that the letter written by the deceased, purporting to be a partial distribution of the assets of her estate is ineffective and not a part of the will, and, therefore, must be construed to be surplusage. He entered a judgment sustaining the will and ordering that it be certified by the clerk to the probate court for the county of Emmet together with the entire cause for further proceedings.

The judgment is affirmed, with costs to appellee.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.