IN THE MATTER OF THE ESTATE OF EDNA UMBAUGH JONES, ALSO KNOWN AS AND SOMETIMES CALLED EDNA L. JONES, EDNA UMBAUGH AND E. L. JONES, DECEASED.

JOHN PAUL JONES, APPELLANT, *v.* THE FIRST NATIONAL BANK OF NEVADA, EXECUTOR OF THE ESTATE OF EDNA UMBAUGH JONES; HARRY EDWARD LECLAIRE, DONALD G. LECLAIRE, MINOR SONS OF HARRY W. LECLAIRE; HARRY W. LECLAIRE, HARRY M. LECLAIRE AND KATHERINE LECLAIRE, RESPONDENTS.

No. 3890

April 26, 1956.                                    296 P.2d 295.

*Foley Brothers,* of Las Vegas, for Appellant John Paul Jones.

*A. W. Ham, Sr.* and *A. W. Ham, Jr.,* of Las Vegas, for Respondent The First National Bank of Nevada.

*Jones, Wiener & Jones,* of Las Vegas, and *Bridgett & Marcus,* of San Francisco, California, for Respondents Katherine LeClaire; Harry Edwards LeClaire, and Donald G. LeClaire, minor sons of Harry W. LeClaire; and Harry W. LeClaire.

*John W. Bonner,* of Las Vegas, for Respondent Harry M. LeClaire.

## OPINION

By the Court, EATHER, J.:

This is an appeal from an order of the trial court in administration of a decedent's estate directing the payment of a cash bequest pursuant to petition for distribution filed by the First National Bank of Nevada as Executor of the decedent, Edna Umbaugh Jones. The sole question upon this appeal concerns construction of the will; whether in directing payment of the cash bequest the court erred in its construction.

The clause in question is contained in a codicil drawn by the decedent herself. It reads "To my husband, John

Paul Jones, I bequeath a liveable wage until his death not to exceed $200 a month up to $2,400."

The legatee contends that this is an unambiguous bequest of a life income of not to exceed $200 a month; that the words "up to $2,400" must be read to mean "up to $2,400 a year"; that to read these words in any other way would be to create an ambiguous limitation upon the bequest, which limitation by virtue of its ambiguity must fall. In the alternative, the legatee contends that if the bequest as he construes it be not clear, at least an ambiguity exists which should be resolved by resort to extrinsic evidence. Evidence was offered by him for this purpose but was rejected by the court.

The court held that the bequest was an unambiguous cash bequest of $2,400 payable at not to exceed $200 a month from death of testatrix. More than a year having elapsed since the death the court ordered the executor to pay to the legatee forthwith the sum of $2,400. The legatee has taken this appeal.

At the outset the limits of the court's power to construe the language of the will should be noted. A court may not vary the terms of a will to conform to the court's views as to the true testamentary intent. The question before us is not what the testatrix actually intended or what she meant to write. Rather it is confined to a determination of the meaning of the words used by her. As stated by Wigram (Extrinsic Evidence in Aid of the Determination of Wills, Second American Edition, pages 53 and 54), "* * * any evidence is admissible which, in its nature and effect, simply explains what the testator *has* written; but no evidence can be admissible which, in its nature or effect, is applicable to the purpose of showing merely what he *intended* to have written. In other words, the question in expounding a will is not—What the testator meant? as distinguished from—What his words express? but simply—What is the meaning of his words? And extrinsic evidence, in

aid of the exposition of his will, must be admissible or inadmissible with reference to its bearing upon the issue which this question raises." See also cases in Anno. 94 A.L.R. 257.

Certainly it may be said that the clause of bequest, giving the words their ordinary meaning, contains two inconsistent testamentary provisions: One, for an income for life not to exceed $200 a month, and second, for a sum not to exceed $2,400 at $200 a month. In this respect it may be said that the bequest is ambiguous. It should be noted, however, that the ambiguity is not in the meaning of the words used. The words are not equivocal. There is no latent ambiguity. The words themselves are of such common usage that they can hardly be said to be subject to construction. It must in good sense be recognized that under no accepted usage can the words "up to $2,400" be read to mean "up to $2,400 a year." The ambiguity exists solely for the reason that two apparently inconsistent provisions have been made.

Appellant's contention that, as a matter of law, the provision of a life income must prevail is without merit. His authorities, In Re Murray's Estate, 70 Cal.App.2d 300, 160 P.2d 880,. and Noble v. Noble, 205 Oklahoma Rep. 91, 235 P.2d 670, 26 A.L.R.2d 1200, deal with cases where the clause of bequest can be said to stand alone and unambiguous. The clause of limitation itself created the ambiguity in respect to the otherwise unambiguous bequest. In the case before us there is but one clause. Neither bequest nor limitation can be said to stand alone and be clearly ascertainable.

We may not, then, ignore either of the two inconsistent provisions without changing or varying the terms of the will. To give to the words used any other than their recognized meaning or to hold that extrinsic evidence may be admitted for that purpose would be to sanction the changing of the will for the purpose not of enforcing an unambiguous bequest but rather of rendering an ambiguous bequest unambiguous. We shall, by varying

the will for such purpose, have invaded the field of testamentary intent. If the ambiguity, then, is to be resolved, the two provisions must be reconciled.

The action taken by the court below might be said to have accomplished this end. Each of the inconsistent provisions was treated as a limitation upon the other; $200 a month until death, *but* only up to $2,400; $200 a month up to $2,400 *but* only until death. Accepting the words used and giving to them their plain meaning, this would appear to permit a disposition achieved without adding any words, or deleting any from the codicil.

It is contended that this is no reasonable "reconciliation" since the limitation upon the life income is such as to destroy the plain meaning of that provision. Even if this be so it cannot strengthen the legatee's position. We still may not prefer one inconsistent provision over another without invading the field of testamentary intent. If the two provisions cannot stand together, both must fall. Ordinarily, then, such a patent ambiguity would result in the failure of the entire bequest.

Such failure is, however, saved in this case by the fact that in one respect the testamentary intent is clear; as to the minimum bequest intended. Under any possible construction of the will a minimum of $2,400 at $200 a month (assuming the continued life of the legatee for one year) was bequeathed. It may, then, be said that as to such minimum there is no ambiguity.

Under either position (that a reconciliation of the provisions is possible, giving to the words used their plain meaning; or that it is not possible) the trial court must be affirmed.

Affirmed with costs.

MERRILL, C. J., and BADT, J., concur.