ERNEST E. SOADY AND DORIS L. SOADY, APPELLANTS, *v.* THE FIRST NATIONAL BANK OF NEVADA, HERB LERCH, E. H. LERCH, MARTHA GILLESPIE, RICHARD LERCH AND BARBARA TRIMARK, RESPONDENTS.

No. 4954

March 2, 1966 411 P.2d 482

*Singleton, DeLanoy & Jemison,* of Las Vegas, and *S. V. O. Prichard,* of Sunland, California, for Appellants.

*George E. Franklin, Jr.,* of Las Vegas, for Respondent-Executor.

*Michael L. Hines,* of Las Vegas, for Respondents-Heirs-at-Law.

**OPINION**

By the Court, ZENOFF, D. J.:

The decedent, Betty M. Foster, left a will providing, inter alia:

> "THIRD, I hereby give, devise and Bequeath to Reverend Ernest E. Soady, and/or Doris L. Soady, his wife * * * my net estate consisting of Real and Personal Property, Insurance Policies, Stocks in Corporations in the United States and Canada, also Cash in Savings and Checking Account at the Bank and in Financial Institutions. These will be named with the instructions to Reverend Ernest E. Soady in my Safety Deposit Box Number 3068 at First National Bank of Nevada * * *.
>
> "FOURTH, Reverend Ernest E. Soady shall also be furnished in said Safety Deposit Box names of the various Religious Organizations which shall receive Bequests from said Estate. My Executor hereinafter named shall issue checks directly to the various Religious Organizations according to my instructions and forward said checks to Reverend Ernest E. Soady for distribution. In the event of the demise of both Reverend Ersest [sic] E. Soady and Doris L. Soady, his wife, prior to my death; My Executor hereinafter named shall issue and forward checks directly to the said various Religious Organizations."

After the death of Betty M. Foster, it was found that the safety deposit box named in her will contained neither an inventory of the assets of the decedent nor any instructions to Reverend Soady, nor the names of any religious organizations to whom bequests were to be made.

A Petition to Construe the Will was filed with the

district court. The district court declared the will too ambiguous to be capable of ascertainment of testatrix's intent, and therefore held it invalid, with the estate passing to the heirs-at-law through intestacy. It is from that order that appellants appeal.

Consideration of established principles in the construction of wills compels us to reverse the order of the trial court.

The primary presumption when interpreting or construing a will is that against total or partial intestacy. Tsirikis v. Hatton, 61 Nev. 78, 116 P.2d 189 (1941); In re Farrelly's Estate, 4 P.2d 948 (Cal. 1931). And while there is another presumption that the blood of the testator is preferred over strangers, this presumption does not apply where in order to prefer those of the blood of the testator, it is necessary to ignore the presumption against intestacy. In re Plumer's Estate, 324 P.2d 346 (Cal. 1958).

The guideline for the interpretation or construction of a will is the intention of the testatrix, In re Hartung's Estate, 39 Nev. 200, 155 P. 353 (1916); In re Hartung, 40 Nev. 262, 160 P. 782, rehearing denied, 161 P. 715 (1916), determined by the meaning of the words used by her. Jones v. First Nat'l Bank, 72 Nev. 121, 296 P.2d 295 (1956). See Sharp v. First Nat'l Bank, 75 Nev. 355, 343 P.2d 572 (1959).

Turning to the language of the will, we find that the first sentence of paragraph THIRD is expressed as a clear, unequivocal gift to the Soadys of the net estate. Had the will contained this sentence alone, there could be no doubt as to the intent of the testatrix.

When an absolute estate has been conveyed in one clause of a will, it will not be cut down or limited by subsequent words, except such as indicate as clear an intention therefor as was shown by the words creating the estate. Words which merely raise a doubt or suggest

an inference will not affect the estate thus conveyed, and any doubt which may be suggested by reason of such subsequent words must be resolved in favor of the estate first conveyed. This rule of construction controls the rule that an intent given in one clause of a will may be qualified or limited by a subsequent clause. In re Mallon's Estate, 93 P.2d 245 (Cal. 1939) ; In re Kearn's Estate, 225 P.2d 218 (Cal. 1950). See In re Marti's Estate, 61 P. 964 (Cal. 1900), and In re Cummin's Estate, 229 P.2d 136 (Cal. 1951).

The absolute gift to the Soadys in paragraph THIRD, we hold, is not limited by later language since that later language is so vague and uncertain as to be incapable of making any reasonable disposition of property. The failure to specify the sum or the recipient of any bequest in paragraph FOURTH makes it impossible to say that as clear an intention was shown by the words of paragraph FOURTH as was demonstrated by the absolute gift of paragraph THIRD.

Therefore, we find that paragraph FOURTH is ineffectual and that the clear intent of the testatrix in paragraph THIRD is not limited or affected by the provisions of paragraph FOURTH.[1]

A testator, in addition, may incorporate an extrinsic document into a will only if such document is in existence at the time the will is made and the reference clearly identifies it. An attempt to incorporate a future document in a will is ineffectual, for the testator cannot be permitted to create for himself the power to dispose of his property without complying with formalities required in making a will. Simon v. Grayson, 102 P.2d 1081 (Cal. 1910) ; Keeler v. Merchant's Loan & Trust Co., 97 N.E. 1061 (Ill. 1912) ; Ragland v. Wagener, 180 S.W.2d 435 (Tex. 1944). And when a will contains a reference to an extraneous document purporting to dispose of certain property, the fact that the reference is ineffective does

---

[1]Paragraph six of the will leaves $1.00 to such persons who attempt to oppose or set aside the probate of the will. This paragraph aided in the determination of testatrix's intent.

not affect testamentary dispositions of property made according to law. In re Greenman's Estate, 52 N.W.2d 363 (Mich. 1952). See 18 A.L.R.2d 684.

Respondents attempt on appeal to spell out the creation of a trust in favor of religious organizations. It is essential to the validity of a trust, whether express or precatory, that the language employed definitely indicate an intention to create a trust, that the subject matter thereof be certain, and that the beneficiaries be certain. In re Ralston's Estate, 37 P.2d 76 (Cal. 1934). See In re Kearn's Estate, supra; Newhall v. McGill, 212 P.2d 764 (Ariz. 1949). No creation of a trust is so expressed here.

Accordingly, the order below nullifying the dispositive provisions of paragraph THIRD of the last will of Betty M. Foster is reversed, and distribution of the estate of Betty M. Foster shall be as directed by that paragraph.

Reversed.

THOMPSON and *BADT, JJ., concur.

*Because of illness, JUSTICE BADT did not sit at the oral hearing. However, pursuant to Rule 9(3), Supreme Court Rules, he did participate in the decision and opinion of the court upon the written briefs and discussion of the members of the court.