IN THE MATTER OF THE ESTATE OF JEAN PORTER MEREDITH, Deceased, DENNIS MEREDITH, Co-Executor, Appellant, *v.* STUART A. MEREDITH, Co-Executor, Respondent.

No. 19515

November 27, 1989 782 P.2d 1313

*Vernon E. Leverty,* Reno, for Appellant.

*Eck & McCarthy,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

On April 27, 1986, Jean Porter Meredith ("Jean"), a resident of Jacks Valley, Nevada, died. Jean's will nominated as co-executors Jean's two sons, appellant Dennis Meredith ("Dennis") and respondent Stuart Meredith ("Stuart"). Dennis and Stuart were the principal beneficiaries of Jean's will. Under the will, Dennis and Stuart each received one-half of the residual estate. The will leaves Dennis two single family residences, but leaves Stuart Jean's 60 percent interest in J.H. Meredith Co. ("Meredith Co."). Meredith Co. is a Carson City machine shop which Stuart and Jean had managed together for several years.

Stuart owned the other 40 percent interest in the shop. The will provides in pertinent part:

> *Fourth:* I give to my son, Stuart Alan Meredith, if he survives me, my interest in the partnership carried on under the name and style of J.H. MEREDITH COMPANY, located at 4611 Goni Road, Carson City, Nevada, or any successor to the partnership.
>
> . . . .
> . . . .
> . . . .
>
> *Eighth:* I have among my liabilities debts owing to the Bank of America, the Yosemite Bank, and a lease obligation to Amada Leasing for a Wasino model L3-J3.
>
> *Ninth:* I direct my executors, executor or administrator with the will annexed to pay all proper and just debts from my estate to my debtors [sic].

The "Wasino" referred to in paragraph eight is a computerized lathe, which is necessary to the operation of Meredith Co. Meredith Co. leased the Wasino from Amada Leasing on June 24, 1983. On July 14, 1983, Stuart also executed an option to purchase the Wasino on behalf of Meredith Co. The total lease payments from July 14, 1983, to October 13, 1988, were $131,485, according to the lease payment schedule. Under the terms of the option, Meredith could purchase the Wasino at the end of the lease period for an additional $23,950 plus $5,278 in taxes, a total of $29,228. The value of the Wasino was estimated at approximately $98,000.

The district court construed paragraphs eight and nine of Jean's will to require Jean's estate to pay (1) all delinquent lease payments on the Wasino, (2) all the remaining lease payments due on the Wasino up to the end of the lease period, even though these payments were not yet due, and (3) the $29,228 option to purchase the lease. Dennis only challenges in this appeal the portion of the district court's order which compels the estate to pay to exercise the option on the Wasino. Specifically, Dennis contends that the district court erred by construing the terms "lease," "obligation" and "debt" in paragraphs eight and nine of the will to include the option. Dennis urges that paragraphs eight and nine refer only to the lease obligation and thus require the estate only to pay off the lease, not the option as well. Dennis alleges that the court's error harmed him in the amount of $14,614, which represents his one-half share in the $29,228 paid from the residuary estate to exercise the option. We hold that the district court erred in construing the will to require the estate to pay to exercise

the option, and we remand the case for further proceedings consistent with this opinion.

## LEGAL DISCUSSION

I. *Scope of appellate review of questions of will construction.*

The question presented by this appeal is whether the district court erred by construing paragraphs eight and nine of Jean's will to require the estate to pay for the exercise of the option to purchase the Wasino machine. Stuart contends that this court must affirm the district court's construction if the construction is supported by substantial evidence. This contention is without merit.

An appellate court generally is not bound by the interpretation accorded a will by a district court; instead, the appellate court undertakes an independent appraisal of the will. Concannon v. Winship, 94 Nev. 432, 434, 581 P.2d 11, 13 (1978). Only to the extent that the construction turns on the assessments of credibility or of conflicts in the evidence must the appellate court apply the substantial evidence standard. *See* Estate of Dodge, 491 P.2d 385, 389 (Cal. 1971). The present case did not involve any conflict in the evidence or any question of credibility. Therefore, this court will undertake an independent review of the will, and we are not bound by the substantial evidence standard of review.

II. *Construction of paragraphs eight and nine of Jean's will.*

Dennis contends that the district court erred by construing the terms "lease," "obligation," and "debt" in paragraphs eight and nine of the will to comprise the option to purchase the Wasino machine. We agree.

Absent strong extrinsic evidence indicating a contrary meaning, the surest way for courts to carry out a testator's intent is to construe a will according to the plain meaning of terms used in the will. Accordingly, this court has stated:

> A court may not vary the terms of a will to conform to the court's views as to the true testamentary intent. The question before us is not what the testator actually intended or what she meant to write. Rather it is confined to a determination of the meaning of the words used by her.

Jones v. First Nat. Bank, 72 Nev. 121, 123, 296 P.2d 295, 296 (1956). Here, even though the lease and option apply to the same piece of machinery, the term "lease" does not clearly comprise the option as well. The terms "lease" and "option" denote

different legal concepts. Moreover, the lease and option on the Wasino were executed one month apart and as separate documents. Neither do the terms "obligation" and "debt" encompass the option. An option is not an unconditional and existing debt or obligation, but, rather, a contingent and future contract to purchase property.

Finally, we conclude that the combined term "lease obligation" in paragraph eight does not include the option. This term clearly comprises the past-due lease payment obligations existing at the time of probate, and the district court was correct to order the estate to pay off these delinquent sums. It is less clear that this term comprised all the remaining lease payments not yet due at the time of probate. Since Dennis does not challenge the portion of the district court's order which required the estate to make the remaining lease payments, we do not address that portion of the order.

The sparse extrinsic evidence in this case regarding the meaning of these terms does not convince us to construe "lease obligation" and "debt" to include the option. The district court heard no testimony which indicated that the testatrix ascribed any special meaning to these terms. The fact that the lease obligation and the option opportunity relate to the same piece of machinery does not make these distinct documents synonymous. The fact that exercising a $29,228 option to acquire a $98,000 machine is a sound business decision for Meredith Co. is not sufficient to alter the construction of these terms.

Accordingly, we reverse the decision of the district court and remand the case for further proceedings consistent with this opinion.