OPINION

Per Curiam:

This appeal arises from an order of the district court distributing two bank accounts of the decedent, Tai Fong Chong (Tai Fong). Tai Fong’s wife, respondent Bok Nam Chong (Bok Nam), was appointed executrix of the estate. She cashed out two of Tai Fong’s bank accounts claiming them as part of his residuary estate. She then included them as inventory in her petition for an accounting, claiming that the accounts should be given to her as the omitted but intended residuary beneficiary. Tai Fong’s son from a previous marriage, Wei Hin Chong, and Wei Hin’s sons, Daniel and Michael, (collectively appellants) objected to this accounting, claiming that both accounts should have been distributed to Daniel and Michael through Tai Fong’s will. The district court disagreed with both parties, finding that the will had no residuary clause. The district court then split the two accounts between Bok Nam and Wei Hin according to the laws of intestacy. Wei Hin, Daniel, and Michael appealed.

FACTS

At issue in this appeal is the disposition of two of Tai Fong’s bank accounts, which were held at First Interstate Bank of Nevada. The first account, the checking account, contained a balance of $77,461.98. The second account, the savings account, contained a balance of $94,250.44. The value of the two accounts, with interest earned, totaled $173,284.45.
Tai Fong executed his will on November 18, 1992. The will appointed his wife, Bok Nam, as the executrix of his estate. The *1406 will named Tai Fong’s son, Wei Hin, as his successor executor. Article Four of Tai Fong’s will distributed his property and is set forth here in its entirety:
All my property shall be dispersed as soon thereafter my death as possible, and the proceeds of my property, and all the residue and remainder of same, of every kind and description, which I may own or have right to dispose of at the time of my decease, I bequeath as follows:
1. All my personal possessions, not already included in the Chong Family Trust, to my grandsons Daniel Chong and Michael Chong, sons of my son Wei Hin Chong.
On the same day, Tai Fong created the Chong family trust. The trust was a joint revocable inter vivos trust entered into with his wife, Bok Nam. The trust established Tai Fong and Bok Nam as joint settlors and stated that upon the death of either of them, the survivor would become the sole trustee. The trust listed a variety of assets to be included in the trust corpus but left the trustees with the power to add assets to the list or remove existing assets from the list. As co-settlors of the trust, Bok Nam and Tai Fong signed a document specifically acknowledging the receipt of the checking account into the trust corpus. The trust provided that upon the death of either Tai Fong or Bok Nam, the survivor would continue as the sole trustee.
After the death of the sole trustee, the trust estate would be divided between the children and grandchildren of Tai Fong and Bok Nam. Bok Nam’s and Tai Fong’s house would become the property of Bok Nam’s then-living children and Tai Fong’s son, share and share alike. The personal property assets of Tai Fong would be distributed to his then-living grandchildren. The personal property assets of Bok Nam would go to her then-living children. The checking account would be distributed to Daniel and Michael. Another joint banking account would be divided equally amongst the settlors’ children.
Tai Fong died on August 4, 1993. His will was entered into probate on September 3, 1993, and Bok Nam was named as executrix. Letters testamentary were issued on September 3, 1993. Bok Nam filed an inventory and record of value claiming her entitlement to the accounts in question as credit for the expenses of Tai Fong’s estate. The inventory listed the two accounts as equaling $173,284.45.
According to the appellants, Tai Fong apparently did not notify First Interstate Bank to change the bank records regarding the checking account to reflect the trust’s ownership of the checking account. Because this change was not made, Bok Nam, as execu *1407 trix of Tai Fong’s estate, was able to withdraw all of the money from the checking account and claim it as part of Tai Fong’s residuary estate. According to the inventory Bok Nam filed, she also withdrew all the funds from and closed the savings account.
On May 10, 1994, Bok Nam filed her first and final account, petition for approval of fees, and petition for distribution. In the petition, Bok Nam claimed credits due her of $173,284.45, an amount exactly equal to the value of the two accounts in question. Bok Nam requested that the residue of Tai Fong’s estate be distributed to her. She stated that Tai Fong’s will was silent as to the distribution of the remainder and argued that an appropriate interpretation would be that the residuary estate should be distributed to her. Bok Nam claimed that this was an appropriate interpretation of Tai Fong’s will because Article Four, subarticle 2 of her will named Tai Fong as one of her remainder beneficiaries. Bok Nam argued that Article Four, subarticle 2 had to have been inadvertently left out of Tai Fong’s will because his will essentially mirrored her own will, which had been executed on the same day as Tai Fong’s.
On May 18, 1994, appellants objected to the first and final account and petition for distribution. Appellants disagreed with Bok Nam’s claim because the residuary clause in Tai Fong’s will named Tai Fong’s grandsons, Daniel and Michael, as the residuary beneficiaries. Additionally, appellants argued that the trust specifically listed the checking account as part of the corpus that was to be the exclusive property of Tai Fong’s grandsons. Appellants argued that Tai Fong’s failure to change the bank cards at First Interstate Bank from his own name to the trust was irrelevant in light of the fact that the asset was specifically listed as an asset of the trust.
The district court disagreed with the assertions of both counsel and distributed the two accounts according to the laws of intestacy. The district court concluded that because Tai Fong did not have a residuary clause in his will, he therefore died intestate. Under the laws of intestacy, the accounts were split between Wei Hin and Bok Nam, excluding Michael and Daniel.

DISCUSSION

The savings account

Generally, “[t]he primary presumption when interpreting or construing a will is that against total or partial intestacy.” Soady v. First National Bank, 82 Nev. 97, 100, 411 P.2d 482, 483 (1966). This court owes no deference to the district court as to will construction.
*1408 An appellate court generally is not bound by the interpretation accorded a will by a district court; instead, the appellate court undertakes an independent appraisal of the will. Only to the extent that the construction turns on the assessments of credibility or of conflicts in the evidence must the appellate court apply the substantial evidence standard.
Matter of Estate of Meredith, 105 Nev. 689, 691, 782 P.2d 1313, 1315 (1989) (citation omitted). We disagree with the district court’s interpretation of Tai Fong’s will and conclude that a proper construction of this will, including an examination of the testator’s intent, is to interpret Article Four as a residuary clause which leaves the savings account, part of Tai Fong’s personalty, to his grandsons.
A valid residuary clause is merely a clause which bequeaths the remainder of the estate after payment of debts, expenses of administration, and other legacies. 96 C.J.S. Wills § 1097 (1957); see also Breckenridge v. Andrews, 88 Nev. 520, 522, 501 P.2d 657, 658 (1972) (in which a valid residuary clause stated the residue estate was to include “[a]ll of the rest, residue and remainder of my estate and effects whatsoever”). We conclude that Article Four of Tai Fong’s will constitutes a residuary clause and that the district court’s finding that one did not exist was clearly erroneous. Article Four of Tai Fong’s will directed that as to the residue and remainder of his property, all his personalty should go to his grandsons Daniel and Michael.
In examining testator intent, this court has stated: “Absent strong extrinsic evidence indicating a contrary meaning, the surest way for courts to carry out a testator’s intent is to construe a will according to the plain meaning of terms used in the will.” Estate of Meredith, 105 Nev. at 691, 782 P.2d at 1315. Tai Fong’s will unambiguously leaves all the residual and remainder of his estate to his grandsons. Additionally,
“a court may not vary the terms of a will to conform to the court’s views as to the true testamentary intent. The question before us is not what the testator actually intended or what [the testator] meant to write. Rather it is confined to a determination of the meaning of the words used by [the testator].”
Id. (quoting Jones v. First Nat. Bank, 72 Nev. 121, 123, 296 P.2d 295, 296 (1956)). Therefore, we will not consider Bok Nam’s argument for reformation of Tai Fong’s will according to her theory that she is the omitted residuary beneficiary.
Accordingly, we conclude that the savings account should have been distributed to Daniel and Michael.

*1409
The checking account

We remand the question of the disposition of the checking account to the district court. Tai Fong’s intent, based on the document signed by both him and Bok Nam, appears to have been to include the checking account in the trust corpus. However, the account may not have been effectively transferred into the trust. Apparently, Tai Fong never changed the bank cards from his name into the trust’s name. Therefore, we remand this issue to the district court to determine whether the checking account was transferred into the trust corpus.
If the district court determines that the checking account was not effectively transferred to the trust, then we instruct the district court to distribute the assets of the checking account to Daniel and Michael as part of Tai Fong’s residuary estate. If the checking account is determined to be part of the trust corpus, we instruct that the amount of the checking account withdrawn from the trust corpus be returned to the trust and note that Bok Nam, as the sole trustee, has duties that she must exercise in regard to the interests of two of the trust’s beneficiaries, Michael and Daniel, and their property in the trust. “A trust shall be administered with due regard to the respective interests of income beneficiaries and remaindermen.” NRS 164.220(1).

CONCLUSION

We conclude that the savings account should have been distributed to Daniel and Michael under the residuary clause of Tai Fong’s will. Therefore, we reverse the district court’s order with respect to this account. With regard to the checking account, we remand this matter, with the above instructions, to the district court to determine whether the checking account became part of the trust.