An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| IN THE MATTER OF THE ESTATE OF MARTIN J. FELDMAN, DECEASED. | No. 66254 |
| JOSEPH ZURITSKY; AND ETTA WINIGRAD, Appellants, vs. CARL DORFNER, Respondent. | **FILED** AUG 0 5 2015 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order revoking one will from probate and admitting another will to probate. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

In 2006, decedent Martin J. Feldman executed a holographic will. Feldman later wrote a hand-written letter, dated March 12, 2012, to his cousins, appellants Joseph Zuritsky and Etta Winigrad, allegedly enclosing a will and indicating that Feldman wished Zuritsky and Winigrad to have the equity in his home, and he executed a typed will, dated March 16, 2012, that is notarized but otherwise does not contain the signatures of any witnesses.

After Feldman passed away, Zuritsky and Winigrad petitioned the district court to have the March 12 letter and March 16 will admitted to probate, and the district court did so. Respondent Carl Dorfner later moved the district court to reconsider, seeking to have the prior order

vacated and to admit the 2006 will into probate. The district court vacated its prior order and revoked the March 12 letter and March 16 will from probate, and the court reserved judgment on admitting the 2006 will into probate.[1] Zuritsky and Winigrad appealed.

Zuritsky and Winigrad argue that the March 12 letter was a holographic will incorporating the March 16 will by reference and that, together, they effectively revoked the 2006 will and directed that Zuritsky and Winigrad receive all of Feldman's property. We review de novo whether a document is a valid will and the interpretation of a will or a statute. *In re Estate of Melton*, 128 Nev., Adv. Op. 4, 272 P.3d 668, 673 (2012).

"A holographic will is a will in which the signature, date and material provisions are written by the hand of the testator, whether or not it is witnessed or notarized." NRS 133.090(1). In this case, it is not disputed that the signature, date and provisions of the March 12 letter were handwritten by Feldman. The parties dispute, however, whether the language Feldman used in the letter is sufficient to demonstrate Feldman's testamentary intent, and the district court determined that it was not sufficient. In that regard, the letter indicates that Feldman was enclosing copies of his will, that he wished Zuritsky and Winigrad to receive the equity in his home, and that Zuritsky and Winigrad were the

---

[1]As a consequence, the admission of the 2006 will into probate is not before this court, and we make no comments and reach no legal conclusions regarding the merits of admitting the 2006 will into probate or what effect the 2012 documents may have on the 2006 will, if any.

only family he had left. We hold that these material provisions are sufficient indicia of testamentary intent for the March 12 letter to qualify as a holographic will. *See In re Estate of Melton*, 128 Nev., Adv. Op. 4, 272 P.3d at 674 (construing a letter as a will); *see also In re Van Voast's Estate*, 266 P.2d 377, 379 (Mont. 1953) (stating that a letter may be construed as a will where the letter demonstrates the testator's "intention to create a revocable disposition of his property" that will "take effect only upon his death" (internal quotations omitted)). Accordingly, we reverse the portion of the district court's order revoking the March 12 letter from probate.

Regarding the March 16 will, the probate commissioner and the district court found that the March 16 will was not a valid will because it contained the signature of only one witness, in violation of NRS 133.040. To the extent that the March 16 will contains only one signature, we affirm the district court's order that the March 16 will does not comply with the strict formalities of NRS 133.040. However, the probate commissioner and the district court did not consider whether some other means might be used to admit the March 16 will, including whether the March 16 will might be incorporated by reference into the March 12 letter. *See In re Foster's Estate*, 82 Nev. 97, 101-02, 411 P.2d 482, 484-85 (1966); *see also* Restatement (Third) of Property (Wills and Other Donative Transfers) §§ 3.3 (defining harmless error), 3.6 (defining incorporation by reference) (1999). Extrinsic evidence is admissible when making these inquiries.[2] *See* Restatement §§ 3.3, 3.6. We decline to reach these issues

---

[2]For example, the probate commissioner and the district court made no findings concerning whether the date on the March 12 letter was a
*continued on next page...*

and remand this matter to the district court for it to consider these factual matters. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for further proceedings.

_____, J.
Saitta

_____, J.    _____, J.
Gibbons                          Pickering

cc:    Hon. Gloria Sturman, District Judge
       Lansford W. Levitt, Settlement Judge
       Gordon Silver/Las Vegas
       Gordon Silver/Reno
       Johnson & Johnson
       Eighth District Court Clerk

---

*...continued*
mistake in light of, among other things, the March 16 will and Winigrad's affidavit stating that both documents were received in the same envelope. While we highlight this question as one of the factual issues that remains, we make no findings or conclusions that the date actually was a mistake; this is for the fact finder to consider in the first instance.